**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PULSE NETWORK LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.4:14-cv-3391** |
| | § | |
| **v.** | § | **(JURY DEMANDED)** |
| | § | |
| **VISA INC.** | § | |
| **Defendant.** | § | |

## <u>DEFENDANT VISA'S ANSWER</u>

Defendant Visa Inc. ("Visa") answers Plaintiff PULSE Network LLC's ("Pulse")

Original Complaint ("Complaint") as follows:

1.    Visa denies the allegations in the first two sentences of Paragraph 1.  The last

sentence of Paragraph 1 purports to characterize the Complaint and therefore requires no

response.  To the extent any response is required, Visa denies the allegations in the last sentence

of Paragraph 1.  Visa denies the remaining allegations in Paragraph 1.

2.    To the extent Paragraph 2 implies a relevant antitrust market, Visa denies the

allegations in Paragraph 2.  Visa admits that a company operating under the brand "Pulse"

provides payment card network services.  Visa lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 2 and on that basis denies them.

3.    Visa admits that Visa is a Delaware corporation with its principal place of

business in Foster City, CA.  Visa admits that it offers payment card network services to various

1

financial institutions.  Visa admits that its cards are accepted in many countries globally and that Visa employs thousands of employees.  Visa denies the remaining allegations in Paragraph 3.

4.     The first sentence of Paragraph 4 characterizes the Complaint and no response is required.  Visa admits that if a claim is stated in the Complaint, this Court has subject matter jurisdiction over that claim if Pulse has standing to assert it.  To the extent any response is required, Visa denies the remaining allegations in Paragraph 4.

5.     For purposes of this case only, Visa is not challenging venue in this Court.  Visa denies the remaining allegations in Paragraph 5.

6.     Visa admits that financial institutions issue to cardholders debit cards that can be authenticated by PIN or signature, among other authentication methods.  Visa denies the remaining allegations in Paragraph 6.

7.     Visa denies the allegations in Paragraph 7.

8.     Visa denies the allegations in Paragraph 8.

9.     Visa admits that the claims against it in *In re Visa Check/MasterMoney Antitrust Litig.* were resolved on terms set forth in a settlement agreement and orders in that action.  To the extent Paragraph 9 otherwise purports to summarize the claims in and resolution of *In re Visa Check/MasterMoney Antitrust Litig.*, Visa refers to the complaints and settlement agreement in that litigation for their contents and context.  Visa denies the remaining allegations in Paragraph 9.

10.  Visa admits that *United States v. Visa and MasterCard* was brought and concluded, over a decade ago, as stated in the decision cited in Paragraph 10.  Visa denies the remaining allegations in Paragraph 10.

11.  Visa denies the allegations in Paragraph 11.

12.  Visa admits that it negotiated agreements with certain Visa debit card issuing financial institutions at various points related to the inclusion of Interlink on certain of the financial institutions' debit cards.  Visa denies the remaining allegations in Paragraph 12.

13.  Visa admits that the Dodd-Frank Wall Street Reform and Consumer Protection Act, which included the Durbin Amendment, was passed and signed into law in July 2010.  The remainder of Paragraph 13 asserts legal conclusions or characterizes a Congressional enactment, and no response to those conclusions or characterizations is required.  To the extent any response is required, Visa denies the remaining allegations in Paragraph 13.

14.  To the extent Paragraph 14 purports to quote a Visa earnings call transcript or cite alleged reports by Visa, Visa refers to that transcript and those reports for their contents and context.  Visa denies the remaining allegations in Paragraph 14.

15.  Visa denies the allegations in Paragraph 15.

16.  Visa denies the allegations in Paragraph 16.

1023131

17.  To the extent Paragraph 17 purports to cite and quote *United States v. Visa, Inc.*, 163 F. Supp. 2d 322, 340 (S.D.N.Y. 2001), Visa refers to the court's opinion for its contents and context.  Visa denies the remaining allegations in Paragraph 17.

18.  Visa denies the allegations in Paragraph 18.

19.  Visa denies the allegations in Paragraph 19.

20.  Visa denies the allegations in Paragraph 20.

21.  To the extent Paragraph 21 purports to quote a Visa Investor Day document, Visa refers to that document for its contents and context.  Visa denies the remaining allegations in Paragraph 21.

22. Visa admits that credit and charge cards and debit cards are types of payment cards used in the United States.  Visa denies the remaining allegations in Paragraph 22.

23.  Visa admits that some credit cards allow a cardholder to purchase goods and repay the charges pursuant to the terms of an agreement between the cardholder and the financial institution that issued the card, and that some charge cards require full payment of the charges within a defined period. Visa denies the remaining allegations in Paragraph 23.

24.  Visa admits that some payment cards permit a cardholder to purchase goods and services by debiting directly from the cardholder's demand deposit account.  Visa denies the remaining allegations in Paragraph 24.

4

25. Visa denies that the definitions, terminology, or descriptions set forth in Paragraph 25 are accurate or complete.  To the extent a further response is required, Visa denies the allegations in Paragraph 25.

26.  Visa admits that a transaction on a Visa-branded payment card involves a cardholder, the cardholder's issuing bank, a merchant, the merchant's acquiring bank, and the Visa network that processes the transaction.  Visa admits that it provides operating rules governing debit card transactions processed over the Visa payment networks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other debit networks in Paragraph 26 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 26.

27.  Visa denies the allegations in Paragraph 27.

28.  Visa admits that some debit transactions can be authenticated by a cardholder's signature, among other means of authentication.  Visa admits that certain Visa debit card transactions are processed in two separate electronic messages, one for authorization and one for clearing and settlement.  Visa denies that the allegations in Paragraph 28 completely or accurately describe a signature debit transaction and on that basis denies the remaining allegations.

29.  Visa denies that it is a "dominant" network compared to MasterCard.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29 and on that basis denies them.  Visa lacks knowledge or information

5

sufficient to form a belief as to the truth of the allegations concerning other networks in Paragraph 29 and on that basis denies them.  Visa admits that payment cards typically contain a Bank Identification Number, which identifies, among other things, the issuing financial institution and the payment network.  Visa denies the remaining allegations in Paragraph 29.

30.  Visa admits that some debit transactions can be authenticated by a cardholder entering a PIN number, among other means of authentication.  Visa admits that it owns the Interlink network.  Visa admits that certain PIN debit card transactions are authorized, cleared, and settled with a single message.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other networks in Paragraph 30 and on that basis denies them.  Visa denies that the allegations in Paragraph 30 completely or accurately describe a PIN debit network or transaction and on that basis denies the remaining allegations.

31.  Visa admits that during the past twenty years, the majority of Visa-branded debit cards in the United States have had the functionality to process transactions authenticated by either PIN or signature, among other authentication methods.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other brands of debit cards in Paragraph 31 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 31.

32.  Visa admits that for certain Visa debit transactions, no signature or PIN is required for authentication.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the operating rules and regulations of other payment

networks in Paragraph 32 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 32.

33.  To the extent Paragraph 33 purports to quote from a Federal Reserve study, Visa lacks knowledge or information sufficient to form a belief as to the truth of those allegations on that basis denies them.  Visa denies the remaining allegations in Paragraph 33.

34.  Visa admits that payment networks compete in a "two-sided market," in which both issuer and merchant acceptance are important.  Visa admits that it seeks to maximize payment volume on its networks.  Visa denies the remaining allegations in Paragraph 34.

35.  Visa admits that a transaction on a Visa payment card involves a cardholder, the cardholder's issuing bank, a merchant, the merchant's acquiring bank, and the Visa network that processes the transaction.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other brands of debit cards in Paragraph 35 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 35.

36.  The allegations in the first sentence of Paragraph 36 do not require a response because that sentence merely purports to define a term.  Visa admits that a Visa debit cardholder may have a banking relationship with the debit card issuer for certain types of Visa debit cards and that certain types of Visa debit cards may be used to pay for a product or service by accessing the cardholder's deposit account.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other brands of debit cards in Paragraph 36 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 36.

7

37.  The allegations in the first sentence of Paragraph 37 do not require a response because that sentence merely purports to define a term.  Visa admits that certain issuers of debit cards are retail financial institutions.  Visa admits, on information and belief, that issuers may provide customer service to cardholders and may determine which networks will be enabled on the debit cards they issue.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other brands of debit cards in Paragraph 37 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 37.

38.  The allegations in the first sentence of Paragraph 38 do not require a response because that sentence merely purports to define a term.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning merchants in Paragraph 38 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 38.

39.  The allegations in the first sentence of Paragraph 39 do not require a response to the extent that sentence merely purports to define a term. Visa admits that certain acquirers for the Visa network are also issuers of Visa debit cards.  Visa further admits that it enters into agreements with Visa acquirers and refers to those agreements for their contents and context. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning merchants and other networks in Paragraph 39 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 39.

40.  Visa admits, on information and belief, that some merchant acquirers can also be involved in the processing of transactions for merchants.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning merchant acquirers and

8

merchant processors in Paragraph 40 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 40.

41.  Visa admits that Visa may enter into agreements with certain merchant processors and certain merchants and refers to those agreements for their contents and context. The allegations in the last sentence of Paragraph 41 do not require a response because that sentence merely purports to define a term.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the relationships between merchant acquirers and merchant processors and the rules of other networks in Paragraph 41 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 41.

42.  Visa admits that Visa generally charges network fees to financial institutions for access to the Visa payment card networks and other services.  Visa denies that it charges interchange fees.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to fees of other debit networks in Paragraph 42 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 42.

43.  The allegations in the first sentence of Paragraph 43 do not require a response because that sentence merely purports to define a term.  Visa admits that it establishes default interchange reimbursement fee schedules that apply to transactions where issuing and acquiring banks have not set their own financial terms for the interchange of Visa transactions.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other networks in Paragraph 43 and on that basis denies them.  Visa admits that Visa does not earn revenue from interchange fees.  Visa denies the remaining allegations in Paragraph 43.

9

44.  Visa denies the allegations in Paragraph 44.

45.  To the extent Paragraph 45 purports to cite the Durbin Amendment and regulations, Visa refers to the statute and regulations for their contents and context.  To the extent Paragraph 45 purports to quote from a Federal Reserve study, Visa lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.  Visa denies the remaining allegations in Paragraph 45.

46.  The allegations in the first sentence of Paragraph 46 do not require a response because that sentence merely purports to define a term.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other networks in Paragraph 46 and on that basis denies them.  Visa admits that the majority of its revenues are derived from network fees and assessments charged to its financial institution customers.  Visa admits that Visa's Fixed Acquirer Network Fee is charged to acquiring banks.  Visa denies the remaining allegations in Paragraph 46.

47.  Visa admits that it has various network fee schedules for acquirers and issuers and that that certain network fees have changed over time.  Visa denies the remaining allegations in Paragraph 47.

48.  Visa denies the allegations in Paragraph 48.

49.  Visa admits that it has negotiated directly with some merchants at some points in time.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and on that basis denies them.

10

50.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies them.

51.   The allegations in the second sentence of Paragraph 51 do not require a response because that sentence merely purports to define a term.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and on that basis denies them.

52.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies them.

53.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies them.

54.   Visa denies the allegations in Paragraph 54 as they relate to Visa.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies them.

55.   Visa refers to the statute itself for the contents and context of the Durbin Amendment.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and on that basis denies them.

56.   Visa denies the allegations in Paragraph 56.

57.   Visa denies the allegations in Paragraph 57.

11

58.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies them.

59.   Visa admits, on information and belief, that some ATM networks have PIN functionality at the point-of-sale and that PULSE, STAR, NYCE, and Accel/Exchange have been PIN debit networks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and on that basis denies them.

60.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis denies them.

61.   Visa denies the allegations in Paragraph 61.

62.   Visa denies the allegations in Paragraph 62.

63.   Visa denies the allegations in Paragraph 63.

64.   Visa denies the allegations in Paragraph 64.

65.   Visa denies the allegations in Paragraph 65.

66.   Visa admits that before the Visa corporate restructuring, Visa International Service Association and Visa U.S.A. Inc. were  membership corporations.  Visa admits that in 2008, Visa Inc. became a publicly traded corporation.  Visa denies the remaining allegations in Paragraph 66.

67.  Visa admits that it entered into a settlement agreement with plaintiffs in *In re Visa Check/MasterMoney Antitrust Litig.*, 2003 WL 1712568 (E.D.N.Y. 2003), in 2003.  Visa admits that pursuant to that settlement agreement, Visa modified its "Honor All Cards" rule, and refers to the settlement agreement for its contents and context.  Visa denies the remaining allegations in Paragraph 67.

68.  Visa denies the allegations in Paragraph 68.

69.  To the extent Paragraph 69 purports to characterize *United States v. Visa*, 344 F.3d 229 (2d Cir. 2003), Visa refers to the court's opinion for its content and context.  Visa denies the remaining allegations in Paragraph 69.

70.  Visa denies the allegations in Paragraph 70.

71.  Visa denies the allegations in Paragraph 71.

72.  Visa admits that it purchased the Interlink network in 1991.  Visa denies the remaining allegations in Paragraph 72.

73.  Visa admits that it competed with other payment networks by, among other things, offering incentives to issuing banks to become issuers of Visa debit cards with Interlink as a PIN debit network.  Visa denies the remaining allegations in Paragraph 73.

74.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding transaction shares in Paragraph 74 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 74.

13

75.  Visa denies the allegations in Paragraph 75.

76.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding transaction shares in Paragraph 76 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 76.

77.  Visa denies the allegations in Paragraph 77.

78.  Visa admits the allegations in the first sentence of Paragraph 78.  Visa refers to the relevant statutory language, including the Durbin Amendment, for its contents and context.  Visa denies the remaining allegations in Paragraph 78.

79.  Visa refers to the relevant statutory language for its contents and context.  Visa denies the remaining allegations in Paragraph 79.

80.  Visa admits the allegations in Paragraph 80.

81.  To the extent Paragraph 81 purports to summarize regulations, Visa refers to the regulations for their contents and context.  Visa denies the remaining allegations in Paragraph 81.

82.  To the extent Paragraph 82 purports to quote from a Visa earnings call transcript, Visa refers to that transcript for its contents and context.  Visa denies the remaining allegations in Paragraph 82.

83.  Visa admits that it competed with other payment networks by, among other things, offering incentives to issuing banks to become issuers of Visa debit cards with Interlink as a PIN debit network.  Visa denies the remaining allegations in Paragraph 83.

14

84.  To the extent Paragraph 84 purports to quote from Visa earnings call transcripts, Visa refers to those transcripts for their contents and context.  Visa denies the remaining allegations in Paragraph 84.

85.  Visa denies the allegations in Paragraph 85.

86.  Visa denies the allegations in Paragraph 86.

87.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Pulse or other PIN debit networks in Paragraph 87 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 87.

88.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other PIN debit networks in Paragraph 88 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 88.

89.  Visa denies the allegations in Paragraph 89.

90.  To the extent Paragraph 90 purports to quote from Visa earnings call transcripts, Visa refers to those transcripts for their contents and context.  Visa denies the remaining allegations in Paragraph 90.

91.  Visa admits that for several years, Visa has had the technical capability to process PIN-authenticated debit transactions on its networks.  Visa denies the remaining allegations in Paragraph 91.

92.  Visa denies the allegations in Paragraph 92.

15

93.   To the extent Paragraph 93 refers to PIN-Authenticated Visa Debit (PAVD), Visa refers to its operating rules for PAVD's content and context.  Visa denies the remaining allegations in Paragraph 93.

94.   Visa denies the allegations in Paragraph 94.

95.   Visa denies the allegations in Paragraph 95.

96.   To the extent Paragraph 96 purports to quote from a Visa earnings call transcript, Visa refers to that transcript for its contents and context.  Visa denies the remaining allegations in Paragraph 96.

97.   Visa admits that its Fixed Acquirer Network Fee became effective on April 1, 2012.  To the extent Paragraph 97 purports to cite to and quote from a Visa Business News release and a Visa earnings call transcript, Visa refers to that release and that transcript for their contents and context.  Visa denies the remaining allegations in Paragraph 97.

98.   Visa admits that its Fixed Acquirer Network Fee is charged to acquiring banks based on various factors related to, among other things, their acquired merchants.  Visa denies the remaining allegations in Paragraph 98.

99.   Visa denies the allegations in Paragraph 99.

100.   Visa admits that its Fixed Acquirer Network Fee is charged to acquirers based on various factors related to, among other things, their acquired merchants.  Visa lacks knowledge

16

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 and on that basis denies them.

101.   To the extent Paragraph 101 purports to quote form a Visa earnings call transcript, Visa refers to that transcript for its contents and context.  Visa denies the remaining allegations in Paragraph 101.

102.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 102 and on that basis denies them. Visa denies the remaining allegations in Paragraph 102.

103.   To the extent Paragraph 103 purports to cite a Visa earnings call transcript, Visa refers to that transcript for its contents and context.  Visa denies the remaining allegations in Paragraph 103.

104.   Visa denies the allegations in Paragraph 104.

105.   Visa denies the allegations in Paragraph 105.

106.   To the extent Paragraph 106 purports to quote from a Visa earnings call transcript, Visa refers to that transcript for its contents and context.  Visa denies the remaining allegations in Paragraph 106.

107.   To the extent Paragraph 107 purports to quote from a Visa earnings call transcript, Visa refers to that transcript for its contents and context.  Visa denies the remaining allegations in Paragraph 107.

17

108.   To the extent Paragraph 108 purports to reference a Visa earnings call transcript and a Visa Investor Day document, Visa refers to that transcript and document for their contents and context.  Visa admits that it has entered into certain agreements with acquirers or merchants at various times.  Visa refers to those agreements for their contents and context.  Visa denies the remaining allegations in Paragraph 108.

109.   To the extent Paragraph 109 purports to quote from Visa earnings call transcripts, Visa refers to those transcripts for their contents and context.   Visa denies the remaining allegations in Paragraph 109.

110.   Visa denies the allegations in Paragraph 110.

111.   Visa denies the allegations in Paragraph 111.

112.   To the extent Paragraph 112 purports to quote from a website, Visa refers to that website for its contents and context.  Visa denies the remaining allegations in Paragraph 112.

113.   Visa denies the allegations in Paragraph 113.

114.   Visa denies the allegations in Paragraph 114.

115.   Visa denies the allegations in Paragraph 115.

116.   Visa denies the allegations in Paragraph 116.

117.   Visa denies the allegations in Paragraph 117.

118.   Visa denies the allegations in Paragraph 118.

119.   Visa denies the allegations in Paragraph 119.

120.   Visa denies the allegations in Paragraph 120.

121.   To the extent Paragraph 121 purports to quote from a website and a Visa earnings call transcript, Visa refers to that website and transcript for their contents and context.  Visa denies the remaining allegations in Paragraph 121.

122.   To the extent Paragraph 122 purports to quote from a Visa Investor Day document, Visa refers to that document for its contents and context.  Visa denies the remaining allegations in Paragraph 122.

123.   Visa denies the allegations in Paragraph 123.

124.   To the extent Paragraph 124 purports to quote from a Federal Reserve study, Visa lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.  Visa denies the remaining allegations in Paragraph 124.

125.   Visa denies the allegations in Paragraph 125.

126.   Visa denies the allegations in Paragraph 126.

127.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding MasterCard in Paragraph 127 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 127.

128.   Visa denies the allegations in Paragraph 128.

129.   Visa denies the allegations in Paragraph 129.

130.   Visa denies the allegations in Paragraph 130.

131.   Visa denies the allegations in Paragraph 131.

132.   To the extent Paragraph 132 purports to cite published Visa data, Visa refers to those data for their contents and context.   Visa admits that Visa has provided payment card network services to numerous financial institutions in the United States and that Visa payment cards have been involved in transactions in the United States and the world.   Visa admits that it has acted lawfully within interstate commerce.   Visa denies the remaining allegations in Paragraph 132.

133.   Visa denies the allegations in Paragraph 133.

134.   Visa admits that some credit and charge cards allow cardholders to make purchases at merchants without accessing or reserving the cardholders' funds at the time of purchase. Visa denies the remaining allegations in Paragraph 134.

135.   Visa admits that it operates networks that include infrastructure used to authorize, settle, and clear payments for transactions made using Visa-branded payment cards.   Visa denies the remaining allegations in Paragraph 135.

136.   Visa denies the allegations in Paragraph 136.

137.   Visa admits that Visa competes in a two-sided market for its payment card network services.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other payment card networks in Paragraph 137 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 137.

138.   Visa denies the allegations in Paragraph 138.

139.   Visa denies the allegations in Paragraph 139.

140.   Visa denies the allegations in Paragraph 140.

141.   To the extent Paragraph 141 refers to *U.S. v. Visa U.S.A., Inc.*, 344 F.3d 229, 239 (2d Cir. 2003), or purports to quote from *U.S. v. Visa U.S.A., Inc.,* 163 F. Supp. 2d 322, 338 (S.D.N.Y. 2001), Visa refers to the court's decisions for their contents and context.  Visa denies that the statements in those decisions were or remain correct.   Visa denies the remaining allegations in Paragraph 141.

142.   To the extent Paragraph 142 refers and purports to quote from *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-CV-5238, 2003 WL 1712568, *2, *7 (E.D.N.Y. Apr. 1, 2003), Visa refers to the court's decision for its contents and context.  Visa denies that the statements in that decision were or remain correct.  Visa denies the remaining allegations in Paragraph 142.

143.   Visa denies the allegations in Paragraph 143.

144.   Visa admits that some payment cards permit cardholders to make purchases at merchants by debiting directly from their accounts.  Visa denies the remaining allegations in Paragraph 144.

145.   Visa admits that it operates networks that include infrastructure used to authorize, settle, and clear payments for transactions made using Visa-branded payment cards.  Visa denies the remaining allegations in Paragraph 145.

146.   Visa denies the allegations in Paragraph 146.

147.   Visa admits that Visa competes in a two-sided market for its payment card network services.  Visa denies the remaining allegations in Paragraph 147.

148.   Visa denies the allegations in Paragraph 148.

149.   Visa denies the allegations in Paragraph 149.

150.   Visa admits that many payment forms are close substitutes, including debit cards using various authentication methods.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 150 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 150.

151.   Visa admits that Visa competes with other debit networks that offer cardholder authentication using a PIN and using a signature, among other authentication methods.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the

22

second, third, and last sentences of Paragraph 151 and on that basis denies them.  Visa denies the

remaining allegations in Paragraph 151.

152.   Visa admits that it entered into a settlement agreement with plaintiffs in *In re Visa Check/MasterMoney Antitrust Litigation* in 2003 and pursuant to that settlement agreement Visa modified its "Honor All Cards" rule.  Visa denies the remaining allegations in Paragraph 152.

153.   To the extent Paragraph 153 purports to paraphrase the Durbin Amendment and regulations, Visa refers to the statute and regulations for their contents and context.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 related to the interchange fee rates of other networks and on that basis denies them.  Visa denies the remaining allegations in Paragraph 153.

154.   Visa denies the allegations in Paragraph 154.

155.   Visa denies the allegations in Paragraph 155.

156.   Visa denies the allegations in Paragraph 156.

157.   Visa denies the allegations in Paragraph 157.

158.   Visa denies the allegations in Paragraph 158.

159.   Visa denies the allegations in Paragraph 159.

23

160.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the relevant geographic market in Paragraph 160 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 160.

161.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the rules and pricing of other networks in Paragraph 161 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 161.

162.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the card issuing practices of financial institutions and the card usage practices of cardholders in Paragraph 162 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 162.

163.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the conduct of issuers in Paragraph 163 and on that basis denies them. Visa denies the remaining allegations in Paragraph 163.

164.   To the extent Paragraph 164 purports to cite *U.S. v. Visa U.S.A., Inc.*, 163 F. Supp. 2d 322, 340-41 (S.D.N.Y. 2001), Visa refers to the court's opinion for its contents and context.  Visa denies the remaining allegations in Paragraph 164.

165.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 165 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 165.

166.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning share of transactions in Paragraph 166 and on that basis denies them. Visa denies the remaining allegations in Paragraph 166.

167.   Visa admits that many merchants accept Visa payment cards, including credit cards or debit cards.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 167 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 167.

168.   To the extent Paragraph 168 purports to quote *U.S. v. Visa U.S.A., Inc.*, 163 F. Supp. 2d 322, 340 (S.D.N.Y. 2001), Visa refers to the court's opinion for its contents and context.  Visa denies the remaining allegations in Paragraph 168.

169.   To the extent Paragraph 169 purports to quote *U.S. v. Visa U.S.A., Inc.*, 163 F. Supp. 2d 322, 342 (S.D.N.Y. 2001) and the Competitive Impact Statement in *United States v. American Express Co., Inc.* (E.D.N.Y. Oct. 4, 2010), Visa refers to the court's opinion and the Competitive Impact Statement for their contents and context.  Visa denies the remaining allegations in Paragraph 169.

170.   Visa denies the allegations in Paragraph 170.

171.   To the extent Paragraph 171 purports to cite *United States v. Visa U.S.A., Inc*., 344 F.2d 229, 238¬39 (2d Cir. 2003), Visa refers to the court's decision for its contents and context.  Visa denies that the statements in the decision were or remain correct.  Visa denies the remaining allegations in Paragraph 171.

172.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Visa's estimated share of all debit network transactions in the second sentence of Paragraph 172 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 172.

173.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Visa's estimated share of all signature debit network transactions in the second sentence of Paragraph 173 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 173.

174.  Visa denies the allegations in Paragraph 174.

175.  Visa denies the allegations in Paragraph 175.

176.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 176 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 176.

177.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 177 and on that basis denies them. Visa denies the remaining allegations in Paragraph 177.

178.  Visa denies the allegations in Paragraph 178.

179.  Visa denies the allegations in Paragraph 179.

180.  Visa denies the allegations in Paragraph 180.

181.   Visa denies the allegations in Paragraph 181.

182.   Visa denies the allegations in Paragraph 182.

183.   Visa admits that payment networks compete in a two-sided market.  Visa denies the remaining allegations in Paragraph 183.

184.   Visa denies the allegations in Paragraph 184.

185.   Visa denies the allegations in Paragraph 185.

186.   Visa denies the allegations in Paragraph 186.

187.   Visa denies the allegations in Paragraph 187.

188.   Visa denies the allegations in Paragraph 188.

189.   To the extent Paragraph 189 purports to quote from a Visa earnings call transcript, a website, and an analyst report, Visa refers to that transcript, website, and report for their contents and context.  Visa denies the remaining allegations in Paragraph 189.

190.   Visa denies the allegations in Paragraph 190.

191.   Visa denies the allegations in Paragraph 191.

192.   Visa denies the allegations in Paragraph 192.

27

193.   To the extent Paragraph 193 purports to cite or quote Federal Reserve studies and a Visa earnings call transcript, Visa refers to those studies and that transcript for their contents and context.  Visa denies the remaining allegations in Paragraph 193.

194.   Visa denies the allegations in Paragraph 194.

195.   To the extent Paragraph 195 purports to quote a Visa earnings call transcript, Visa refers to that transcript for its content and context.  Visa denies the remaining allegations in Paragraph 195.

196.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 196 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 196.

197.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 197 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 197.

198.   To the extent Paragraph 198 purports to quote a Federal Reserve document, Visa refers to that document for its contents and context.  Visa denies the remaining allegations in Paragraph 198.

199.   To the extent Paragraph 199 purports to quote a Federal Reserve document, Visa refers to that document for its contents and context.  Visa denies the remaining allegations in Paragraph 199.

200.   Visa denies the allegations in Paragraph 200.

201.   Visa denies the allegations in Paragraph 201.

202.   Visa denies the allegations in Paragraph 202.

203.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning fees of and volumes on other networks in Paragraph 203 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 203.

204.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other networks in Paragraph 204 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 204.

205.   Visa denies the allegations in Paragraph 205.

206.   Visa denies the allegations in Paragraph 206.

207.   Visa denies the allegations in Paragraph 207.

208.   Visa denies the allegations in Paragraph 208.

209.   Visa denies the allegations in Paragraph 209.

210.   Visa denies the allegations in Paragraph 210.

211.   Visa denies the allegations in Paragraph 211.

212.   Visa denies the allegations in Paragraph 212.

213.   Visa denies the allegations in Paragraph 213.

214.   Visa denies the allegations in Paragraph 214.

215.   Visa denies the allegations in Paragraph 215.

216.   Visa denies the allegations in Paragraph 216.

217.   Visa denies the allegations in Paragraph 217.

218.   Visa denies the allegations in Paragraph 218.

219.   Visa denies the allegations in Paragraph 219.

220.   Visa responds to the allegations in Paragraph 220 of the Complaint as it did when

those allegations were made separately.

221.   Visa denies the allegations in Paragraph 221.

222.   Visa denies the allegations in Paragraph 222.

223.   Visa denies the allegations in Paragraph 223.

224.   Visa denies the allegations in Paragraph 224.

225.   Visa denies the allegations in Paragraph 225.

226.   Visa denies the allegations in Paragraph 226.

227.   Visa denies the allegations in Paragraph 227.

228.   Visa responds to the allegations in Paragraph 228 of the Complaint as it did when those allegations were made separately.

229.   Visa denies the allegations in Paragraph 229.

230.   Visa denies the allegations in Paragraph 230.

231.   Visa denies the allegations in Paragraph 231.

232.   Visa denies the allegations in Paragraph 232.

233.   Visa denies the allegations in Paragraph 233.

234.   Visa denies the allegations in Paragraph 234.

235.   Visa denies the allegations in Paragraph 235.

236.   Visa denies the allegations in Paragraph 236.

237.   Visa responds to the allegations in Paragraph 237 of the Complaint as it did when those allegations were made separately.

238.   Visa denies the allegations in Paragraph 238.

239.   Visa denies the allegations in Paragraph 239.

240.   Visa denies the allegations in Paragraph 240.

241.   Visa denies the allegations in Paragraph 241.

242.   Visa denies the allegations in Paragraph 242.

243.   Visa denies the allegations in Paragraph 243.

244.   Visa denies the allegations in Paragraph 244.

245.   Visa responds to the allegations in Paragraph 245 of the Complaint as it did when those allegations were made separately.

246.   Visa denies the allegations in Paragraph 246.

247.   Visa denies the allegations in Paragraph 247.

248.   Visa denies the allegations in Paragraph 248.

249.   Visa denies the allegations in Paragraph 249.

250.   Visa denies the allegations in Paragraph 250.

251.   Visa denies the allegations in Paragraph 251.

252.   Visa denies the allegations in Paragraph 252.

253.   Visa denies the allegations in Paragraph 253.

254.   Visa responds to the allegations in Paragraph 254 of the Complaint as it did when those allegations were made separately.

255.   Visa denies the allegations in Paragraph 255.

256.   Visa denies the allegations in Paragraph 256.

257.   Visa admits that it has entered into agreements with certain acquirers at various points in times and refers to those agreements for their contents and context.  Visa denies the remaining allegations in Paragraph 257.

258.   Visa denies the allegations in Paragraph 258.

259.   Visa denies the allegations in Paragraph 259.

260.   Visa denies the allegations in Paragraph 260.

261.   Visa denies the allegations in Paragraph 261.

262.   Visa denies the allegations in Paragraph 262.

263.   Visa responds to the allegations in Paragraph 263 of the Complaint as it did when those allegations were made separately.

264.   Visa denies the allegations in Paragraph 264.

265.   Visa denies the allegations in Paragraph 265.

266.   Visa denies the allegations in Paragraph 266.

267.   Visa denies the allegations in Paragraph 267.

268.   Visa denies the allegations in Paragraph 268.

269.   Visa denies the allegations in Paragraph 269.

270.   Visa denies the allegations in Paragraph 270.

271.   Visa responds to the allegations in Paragraph 271 of the Complaint as it did when those allegations were made separately.

272.   Visa denies the allegations in Paragraph 272.

273.   Visa denies the allegations in Paragraph 273.

274.   To the extent Paragraph 274 refers to Visa rules concerning PIN-Authenticated Visa Debit, Visa refers to those rules for their content and context.  Visa denies the remaining allegations in Paragraph 274.

275.   Visa denies the allegations in Paragraph 275.

276.   Visa denies the allegations in Paragraph 276.

277.   Visa denies the allegations in Paragraph 277.

278.   Visa denies the allegations in Paragraph 278.

279.   Visa responds to the allegations in Paragraph 279 of the Complaint as it did when those allegations were made separately.

280.   Visa denies the allegations in Paragraph 280.

281.   Visa denies the allegations in Paragraph 281.

282.   To the extent Paragraph 282 refers to Visa rules concerning PIN-Authenticated Visa Debit, Visa refers to those rules for their content and context.  Visa denies the remaining allegations in Paragraph 282.

283.   Visa denies the allegations in Paragraph 283.

284.   Visa denies the allegations in Paragraph 284.

285.   Visa denies the allegations in Paragraph 285.

286.   Visa denies the allegations in Paragraph 286.

287.   Visa denies the allegations in Paragraph 287.

288.   Visa responds to the allegations in Paragraph 288 of the Complaint as it did when those allegations were made separately.

289.   Visa denies the allegations in Paragraph 289.

290.   Visa responds to the allegations in Paragraph 290 of the Complaint as it did when those allegations were made separately.

291.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 291 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 291.

292.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 292 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 292.

293.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 293 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 293.

294.   Visa denies the allegations in Paragraph 294.

295.   Visa denies the allegations in Paragraph 295.

296.   Visa denies the allegations in Paragraph 296.

297.   Visa denies the allegations in Paragraph 297.

298.   Visa denies the allegations in Paragraph 298.

299.   Visa demands a trial by jury on all triable issues of fact.

300.   With respect to the allegations in the "Request for Relief" Paragraph, Visa denies that Pulse is entitled to any relief and otherwise denies all allegations in that Paragraph.

301.   Unless expressly admitted herein, Visa denies all allegations in the Complaint, including in all headers.

1023131

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming any burden of proof it would not otherwise bear, Visa asserts the following affirmative or other defenses.  Visa reserves the right to assert further defenses as the case proceeds.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Pulse's claims are barred in whole or in part because Pulse lacks authority, capacity, or standing to assert them.

### THIRD DEFENSE

Pulse's claims are barred in whole or in part because Pulse has not sustained antitrust injury by reason of any act or omission of Visa.

### FOURTH DEFENSE

Pulse's claims are barred in whole or in part because Visa had legitimate business justifications for the conduct at issue, its conduct was pro-competitive, and its practices were and are reasonably justified, and therefore are legally privileged.

### FIFTH DEFENSE

Pulse's claims have been released or are barred in whole or in part by the doctrine of waiver or estoppel.

### SIXTH DEFENSE

Pulse's claims are barred in whole or in part by the applicable statutes of limitations.

1023131

## SEVENTH DEFENSE

Pulse's claims are barred in whole or in part by the doctrine of laches.

## EIGHTH DEFENSE

Pulse's claims are barred in whole or in part by the doctrine of *res judicata* or collateral estoppel.

## NINTH DEFENSE

Injuries alleged by Pulse were caused in whole or in part by the conduct of third parties for whom Visa was not responsible, through forces in the marketplace over which Visa had no control, or through acts or omissions on the part of Pulse.

## TENTH DEFENSE

Pulse's claims are barred in whole or in part to the extent that they are subject to mandatory arbitration agreements and may not properly be before this Court.

## ELEVENTH DEFENSE

Pulse's claims are barred in whole or in part by the doctrine of accord and satisfaction.

## TWELFTH DEFENSE

Pulse's claims are released or otherwise barred in whole or in part by the orders, settlements, or final judgments in *Discover Financial Services, Inc. v. Visa U.S.A. Inc., et. al.* Civ. No. 04-07844 (BSJ) (S.D.N.Y.).

## THIRTEENTH DEFENSE

Pulse's claims are barred in whole or in part to the extent that they seek to require Visa to act inconsistently with the Dodd-Frank Act and its implementing regulations or inconsistently with any court order or final judgment.

## FOURTEENTH DEFENSE

Pulse's claims are barred in whole or in part because of ratification, agreement, acquiescence, or consent to Visa's alleged conduct.

## FIFTEENTH DEFENSE

Pulse failed to mitigate damages, if any.

## SIXTEENTH DEFENSE

Pulse's claims are barred, in whole or in part, to the extent that Pulse seeks damages, restitution, or other monetary relief that is duplicative of damages, restitution, or other monetary relief sought or recovered in other actions.

## SEVENTEENTH DEFENSE

Pulse's claims are barred in whole or in part because Visa's conduct did not proximately cause actual damages to Pulse.

## EIGHTEENTH DEFENSE

Pulse's claims are barred in whole or in part because Visa's conduct was expressly permitted under laws administered by a regulatory body of Texas or the United States.

## NINETEENTH DEFENSE

Pulse's tortious interference count is barred in whole or in part because Visa's conduct was not independently tortious or unlawful.

## TWENTIETH DEFENSE

Pulse's tortious interference count is barred because Visa did not act willfully and intentionally to interfere with Pulse's prospective business.

39

## TWENTY-FIRST DEFENSE

Pulse's tortious interference count is barred in whole or in part because Visa exercised in good faith Visa's actual or colorable rights.

## TWENTY-SECOND DEFENSE

Pulse's tortious interference count is barred in whole or in part because Visa had a right to the prospective business that was equal to or greater than Pulse's.

## TWENTY-THIRD DEFENSE

Pulse's tortious interference count is barred in whole or in part because Visa had a legal right to compete for prospective business with Pulse.

## TWENTY-FOURTH DEFENSE

Pulse's tortious interference count is barred in whole or in part because Pulse was unable to perform.

## TWENTY-FIFTH DEFENSE

Pulse's tortious interference count is barred in whole or in part because a contract with Pulse was not reasonably probable to have occurred.

## TWENTY-SIXTH DEFENSE

Pulse's tortious interference count is barred in whole or in part because the alleged interference was merely incidental to conduct that Visa was engaging in for another purpose.

## TWENTY-SEVENTH DEFENSE

Pulse's tortious interference count is barred in whole or in part by Restatement (2) of Torts § 771.

1023131

## TWENTY-EIGHTH DEFENSE

Pulse's claims fail in whole or in part because Visa's conduct during the time period covered by the Complaint did not have any adverse effects on competition in any properly defined relevant market(s).

WHEREFORE, defendant Visa Inc. respectfully request that the Court dismiss the Complaint with prejudice, enter judgment in Visa's favor and against Pulse Network, LLC, award Visa attorneys' fees, costs, and expenses, and grant Visa such further relief as is just and equitable.

**Dated January 29, 2016**

**Respectfully submitted,**

**SMYSER KAPLAN & VESELKA, L.L.P.**

**By:     /s/ Lee L. Kaplan**
Lee L. Kaplan
Attorney-in-Charge
State Bar No. 11094400
S.D. Id. No. 1840
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2323
(713) 221-2320 (fax)
Email: lkaplan@skv.com

ATTORNEY-IN-CHARGE FOR
VISA INC.

**OF COUNSEL:**

**KEKER & VAN NEST LLP**
John W. Keker (*pro hac vice*)

Asim M. Bhansali
S.D. Id. No. 22670
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
Email:  jkeker@kvn.com
Email:  amb@kvn.com

**ARNOLD & PORTER LLP**
Mark R. Merley (pro hac vice)
Michael A. Rubin (pro hac vice)
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999
Email:  mark.merley@aporter.com
Email:  michael.rubin@aporter.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic

service are being served with a copy of Defendant Visa's Answer to Complaint via the Court's

CM/ECF system per Local Rule 5.1 on the 29th day of January, 2016.

                        /s/ *Lee L. Kaplan*
                        Lee L. Kaplan