IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PULSE NETWORK LLC | § | |
|         Plaintiff, | § | |
| | § | |
| v. | § | Civil Action 4:14-cv-3391 |
| | § | |
| VISA INC. | § | |
|         Defendant. | § | |

**PULSE'S STATUS REPORT ON THIRD-PARTY DISCOVERY**

Pulse writes to update the Court on recent developments involving third-party discovery. Despite Pulse's diligent efforts, including at least six substantive meet-and-confer calls and more than a dozen written exchanges with First Data Merchant Services ("First Data"), a few key discovery disputes remain on the scope and pace of document production. In short, First Data has failed to respond to Pulse in a timely manner or to comply fully with this Court's order to produce responsive documents by November 16, 2016. *See* Order on Discovery (Dkt. No. 120); *see also* Order on Requests and Topics (Dkt. No. 128).

To date, First Data has produced only 629 documents, many of which are duplicative or only marginally relevant, and has refused to produce certain categories altogether based on the assertion of routine confidentiality concerns fully addressed by the protective order put in place by this Court. First Data's non-compliance has impeded Pulse's efforts to gather evidence on critical issues in this case and to prepare for the December conference with the Court. In addition, despite the fact that Pulse has provided First Data with copies of this Court's orders, explained the Court's desire for a cooperative process with Visa, and repeatedly attempted to schedule a joint meet and confer with counsel for Visa, First Data has refused to engage in a joint meet-and-confer process on the ground that Visa has no standing to enforce a subpoena served by Pulse.

No similar issues have arisen with Kroger. Although Kroger did not complete its production by the November 16th deadline, Kroger has commenced a rolling production in earnest and expects to substantially complete its production on or before December 9, 2016.

For the reasons explained below, with the Court's permission, Pulse intends to file a motion to compel production of certain documents from First Data unless First Data agrees to resolve all outstanding objections within 7 days. Such a motion would be filed in the U.S. District Court for the Northern District of Georgia—where First Data is based—as First Data has taken the position that this Court has no jurisdiction over it. *See* Ex. C (Nov. 21, 2016 First Data letter to Pulse); *see also* Fed. R. Civ. P. 45(d)(2)(B)(i).

**Background and Summary of Dispute**: On August 11, 2016, the Court issued an order granting Pulse permission to subpoena documents and deposition testimony from First Data on court-approved topics. *See* Order on Discovery (Dkt. No. 120); *see also* Order on Requests and Topics (Dkt. No. 128). Pulse served its document subpoena on First Data on September 9, 2016 (*See* Ex. A) and its deposition subpoena on September 20, 2016. The document subpoena included fourteen requests for production corresponding to the Court's approved topics. Pulse has also provided First Data with copies of this Court's Orders.

Since that time, Pulse has worked diligently to resolve First Data's blanket objections to the scope and timing of document production. In response to requests from First Data (and Kroger), Pulse requested an extension to the initial discovery deadlines, which the Court granted. *See* Dkt. No. 135 (Pulse's Request for Modification of the Order on Discovery); Dkt. No 135 (Discovery Order). Specifically, the Court mandated that First Data produce documents by November 16, 2016, and scheduled a pre-trial conference for December 19, 2016. *See* Dkt. No

136 (Order Setting Conference).  The Court also made clear that "[p]rincipal documents *must* have been exchanged well before the conference." *Id.*

During numerous meet-and-confer sessions regarding the subpoena, Pulse negotiated with First Data in good faith and tried to mitigate the burden on this third party in complying with the subpoena, subject always to input from Visa and the Court.  For example, based on feedback from First Data, Pulse agreed to withdraw three out of the original fourteen requests for production (Request Nos. 11, 14, and 16), and to narrow significantly the scope of three additional requests for production through limiting search terms (Requests No. 6, 7, and 10), subject to input from Visa.  *See* Ex. B (Nov. 16, 2016 Pulse letter to First Data).  Despite this, and as summarized in greater detail below, First Data has failed to produce virtually any responsive documents as of November 16th and has refused to produce any documents at all on several critical discovery topics.  First Data has also failed to provide Pulse with a proposed deposition date, despite multiple requests.

In short, Pulse has two categories of outstanding document-related disputes with First Data that could be resolved through a simple motion to compel.

*Routing agreements with debit networks and related financial and strategic analyses*: First Data refuses to produce *any* such agreements and related analyses, arguing that these contracts contain "extremely confidential and sensitive" business information.  *See* Ex. C (Nov. 21, 2016 First Data letter to Pulse) at 3.  This argument lacks merit.  Protective orders exist precisely to address the routine—and legitimate—confidentiality concern raised by First Data. Courts routinely require businesses to produce equally or more sensitive business information in discovery, subject to two-tiered protective orders like the one in place in this case.  Indeed, the protective order approved by the Court for this litigation will protect First Data against disclosure

3

of its confidential information.  Pursuant to that order, only the Court, outside counsel, consultants and experts, personnel associated with the court, or consultants/experts could access "Highly Confidential" First Data materials, absent express, written approval by First Data. *See* Dkt No. 21 (Stipulated Protective Order).  First Data's lack of confidence in these Court-ordered protections is not a sufficient basis to withhold responsive documents.  If First Data's objection were allowed to stand, business litigation would not be possible because nearly every party can raise this same objection.  Pulse even offered to try to broker an agreement with Visa to limit access to "Highly Confidential" First Data documents to an even smaller subset of named outside counsel, a compromise that First Data rejected.  *See* Ex. B (Nov. 16, 2016 Pulse letter to First Data) at Page 2.  Pulse and First Data are at an impasse over the production of First Data's routing agreements and related analytical documents.

*Documents related to FANF, routing priority decisions, and changes in the competitive landscape*:  First Data waited until November 16, 2016 — the production deadline date set by the Court — to assert that it would be too burdensome for First Data to respond to these requests due to the large number of documents returned by the search terms.  Until yesterday, First Data had not provided Pulse with basic data regarding the number of custodians searched or the actual number of documents "hit" by the search terms, and had been unresponsive to Pulse's attempts to resolve such issues in advance of the deadline.  Had Pulse been informed about this problem earlier, it could have worked with First Data to modify search terms to pull in fewer non-responsive documents and alleviate this alleged burden.  While First Data has belatedly provided some data and expressed its willingness to continue negotiating with Pulse to narrow search terms, its unjustified delays have left Pulse without adequate time to master the evidence in preparation for the December 19, 2016 conference.

    First Data's noncompliance and unjustified delays have thwarted Pulse's ability to appear before the Court with "full knowledge of the facts" at the pre-trial conference scheduled for December 19, 2016.  *See* Dkt. No 136 (Order Setting Conference).  With the Court's permission, Pulse intends to file a motion to compel if First Data does not work with Pulse to resolve all of Pulse's outstanding objections within 7 days.

| | |
|---|---|
| November 23, 2016 | Respectfully Submitted, |
| | **BECK \| REDDEN LLP** |
| | /s/ David J. Beck<br>David J. Beck<br>Attorney-in-Charge<br>Texas State Bar No. 00000070<br>Federal I.D. No. 16605<br>1221 McKinney, Suite 4500<br>Houston, Texas 77010-2010<br>Telephone: (713) 951-3700<br>Facsimile: (713) 951-3720 |
| | **ATTORNEY-IN-CHARGE FOR PLAINTIFF PULSE NETWORK LLC** |
| **OF COUNSEL:** | |
| **BECK \| REDDEN L.L.P.**<br>Geoff A. Gannaway<br>Texas State Bar No. 24036617<br>Federal I.D. No. 37039<br>1221 McKinney, Suite 4500<br>Houston, Texas 77010-2010<br>Telephone: (713) 951-3700<br>Facsimile: (713) 951-3720 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Jennifer M. Selendy (pro hac vice)<br>Richard I. Werder, Jr. (pro hac vice)<br>Steig Olson (pro hac vice)<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone:  (212) 849-7000<br>Fax:  (212) 849-7100 |
| **KIRKLAND & ELLIS LLP**<br>William H. Pratt P.C. (pro hac vice)<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 | **KIRKLAND & ELLIS LLP**<br>Michael S. Becker (pro hac vice)<br>655 15th Street, N.W.<br>Suite 1200<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 |

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail per Local Rule 5.1 on the 23rd day of November, 2016.

                                                  /s/ David J. Beck
                                                    David J. Beck