United States District Court
Southern District of Texas
**ENTERED**
August 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PULSE NETWORK LLC | § § | |
| PLAINTIFF, | § § | |
| v. | § § | Civil Action No. 4:14-cv-03391 |
| VISA INC. | § § § | |
| DEFENDANT. | § | |

**AMENDED STIPULATED PROTECTIVE ORDER**

The parties in the above captioned action stipulate to the following Protective Order. In order to protect confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(1)(G):

**I.      Types of Materials Which May Be Designated Confidential or Highly Confidential**

1.      Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, produced in response to discovery requests in this litigation by any party or non-party, including any such material initially produced in any other litigation (hereinafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" under this Protective Order.

2.      "Confidential Information" shall include any Discovery Material that the producing party or non-party reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercial information. To facilitate discovery, unless stated otherwise by the producing party or non-party, all Discovery Material produced by each party or non-party in the course of the litigation — including deposition

testimony and responses to interrogatories or requests for admission — shall presumptively be considered and treated as Confidential Information under the terms of this Order.

3.  "Highly Confidential Information" shall include any Confidential Information that the producing party or non-party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

4.  Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential information pursuant to this Order.

## II. Designation of Discovery Materials as Confidential or Highly Confidential

5.  In addition to the presumptive designation set forth above in paragraph 2, any documents, material or information produced in discovery in this action that are to be designated "Confidential" or "Highly Confidential" may be so designated by the producing party or non- party by furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production or as soon thereafter as practicable specifically identifying the documents, materials, or information as "Confidential," or "Highly Confidential" or by providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Discovery Material stamped or designated "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL EYES ONLY, SUBJECT TO PROTECTIVE ORDER," including those produced, stamped or designated in prior litigation

using comparable labels or otherwise so designated and made available in this action, shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this Order.

6. If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated documents, material, or information and to prevent the occurrence of any further disclosure unauthorized by this Order.

7. Inadvertent production of or failure to designate any documents, material, or information as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Highly Confidential as appropriate.

8. Inadvertent production of any document, material, or information produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection in this action or in any other action or proceeding pursuant to Federal Rule of Evidence 502. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such Document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of a party, the possessing party

shall within five business days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall be expunged from any other document or material information solely derived from the Inadvertently Produced Privileged Document. After a document is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document, but said party may not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

9. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this action.

10. Deposition testimony and the transcripts and video recordings thereof obtained during pretrial discovery shall be treated as Highly Confidential for a period of 90 days or for as many days as the parties shall agree, after receipt of such deposition transcript and/or recordings to allow time for the deponent or counsel for that deponent, or any party or counsel to any party, to notify all parties of any Highly Confidential Information contained therein. Such Highly Confidential Information shall be designated by page and line number, and video media (or other storage media) shall be labeled in accordance with the provisions of this Order. The remainder of the transcript not designated to contain Highly Confidential Information shall be deemed to contain Confidential Information, unless and until any portion of the testimony is de-designated by the Court, by consent of the deponent or counsel for that deponent, and/or by counsel for the designating party or non-party.

**III. Permissible Uses of Discovery Material**

11. All persons obtaining access to Discovery Material produced in connection with this action shall use such Discovery Material only for the purpose of this litigation and not for any

4

other purpose. Any person found to have made an impermissible use of any Discovery Material will be subject to, without limitation, appropriate civil penalties including for contempt of court. Nothing in this Order shall limit or restrict a producing party's or non-party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party or non-party deems appropriate.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

13. Confidential Information may be disclosed only to the following persons:

　a) The Court;

　b) Outside counsel for any party, including associated personnel necessary to assist outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

　c) Consultants, experts or litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action, provided that they are not presently, and have no present plans to become, an employee or consultant (except herein) of any entity which provides payment services;

　d) Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical

       personnel, stenographers or other persons involved in taking or transcribing or videotaping of testimony in this action, and principals and employees of the firm with which consultants or experts are associated;

  e) Any other person as to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each party hereto; and

  f) In-house counsel for each of the parties for the sole purpose of overseeing and managing this litigation.

14. Highly Confidential Information may be disclosed only to any persons falling within categories (a) through (e) in paragraph 13 above.

15. Notwithstanding the provisions in paragraphs 13 and 14 above, Confidential and Highly Confidential Information may be disclosed, at deposition or otherwise, to any employee of the party or non-party producing such information.

16. Nothing in this Order shall prevent any counsel from advising up to three designated in-house attorneys concerning this litigation and, in the course of providing such advice, from referring to or disclosing generally Confidential or Highly Confidential Information, so long as he or she does not disclose its specific contents.

17. Counsel for a party may disclose Confidential or Highly Confidential Information to any actual or potential witness provided counsel has obtained consent of counsel for the party or non-party who produced such information. Such consent shall not be unreasonably withheld. Consent need not be obtained if (i) the person is an author or recipient of the Confidential or Highly Confidential Information; or (ii) the person is a former employee of the producing party or non-party and is known to have prior knowledge of the specific document containing the Confidential

or Highly Confidential Information to be disclosed; or (iii) the person is a former employee of the producing party or non-party and is reasonably likely to have had prior knowledge of the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed. Information may not be disclosed under clause (iii) if the person is a current employee or consultant (excluding those retained exclusively for the purposes of this litigation and covered by Paragraph 13(c)) or reasonably expected to be a future employee or consultant (excluding those retained exclusively for the purposes of this litigation and covered by Paragraph 13(c)) of any named party or competitor of any party.

       18.    Persons described in paragraph 13(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 13(c) (and associated personnel) or any person described in paragraph 16 must first: (i) advise the recipient that the information is Confidential or Highly Confidential Information and may only be used in connection with this litigation; (ii) provide the recipient with a copy of this Order; and (iii) have that person execute a confidentiality agreement stating the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the court order of [date entered] in *Pulse Network LLC v. Visa Inc.*, Civil Action No. 4:14- cv-03391. I have been given a copy of and have read this Order and agree to be bound by its terms."

**IV.**    **Challenges to Confidential or Highly Confidential Designations**

       19.    If any party ("the Challenging Party") disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential or Highly Confidential Information, then the Challenging Party, after providing notice to to the opposing party and relevant non-parties, will attempt in good faith first to resolve the dispute on an informal basis

before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the dispute. If the dispute can be resolved, all parties and relevant non-parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential Information within the definition(s) of those term(s) set forth above.

20. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party or non-party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party or non-party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents, material, or information; (iv) to seek a higher level of protection than provided for by this Order if the party or non-party believes that unique circumstances warrant that higher level of protection; or (v) to seek documents, material, or other information from any source.

## V. Deposition Procedures

21. At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Highly Confidential Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and individuals

specified in paragraphs 13 and 14 hereof who have access to the appropriate category of information, leave the deposition room during the Confidential or Highly Confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

22. Any deposition testimony concerning a Confidential or Highly Confidential document, material, or information produced by a non-party will be marked by the court reporter or videographer as Confidential or Highly Confidential on the deposition transcript or, in accordance with paragraph 10 above, video.

## VI. Efforts by Non-Parties to Obtain Confidential information

23. If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Information, such party shall promptly notify the producing party or non-party, including in such notice the date set for the production of such subpoenaed information. The subpoenaed party shall not produce any Confidential or Highly Confidential Information in response to the subpoena or compulsory process without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction.

24. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation, proceeding, or other process commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

## VII. Filing Under Seal

25. All Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

(a) Generally, pleadings, motions, briefs, and similar written filings will not be filed under seal. If Confidential or Highly Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. Such an appendix will be filed electronically as a Sealed Event and related to the main instrument that has been filed publicly. The parties will file as little of the source document as possible under seal. References in the public instrument must be sufficiently abstract not to disclose the Confidential or Highly Confidential information. If the parties cannot reasonably discuss the Confidential or Highly Confidential Information in the public instrument, the parties may include a short discussion of the Information in the sealed appendix.

(b) If any party or non-party objects to identified portions of the materials remaining under seal, it shall, within 30 business days of submission of the materials, state its objections in a letter to counsel for all parties in this action. The interested parties or non-parties shall promptly meet and confer in good faith to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within 30 business days after the Court's decision resolving that dispute.

## VIII. Use of Confidential or Highly Confidential Information at Trial

26. In the event that any Confidential Information or Highly Confidential Information is used in any pre-trial court hearing or proceeding in these actions, and there is any dispute as to

whether such material continues to be Confidential or Highly Confidential, the parties will meet and confer in good faith to resolve such dispute.

27. The parties shall meet and confer in good faith in an attempt to agree before any trial or other hearing on the procedures under which Confidential and Highly Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non- party producing any Confidential or Highly Confidential Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information. The parties shall provide non-parties with notice of potential use at trial of any Confidential or Highly Confidential Information produced by them if and when they are listed as potential exhibits in the required filings prior to commencement of trial. The parties shall give notice as soon as practicable after Confidential or Highly Confidential Information which is not listed on the exhibit list is determined to be used by counsel for a party in the course of examination or cross- examination at trial.

## IX. Procedures upon Termination of Action

28. After the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that a party return or destroy any Discovery Material the producing party or non-party has provided, which request shall be honored. If the possessing party elects to destroy the Discovery Material rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed to a reasonable degree of certainty. Notwithstanding the foregoing, outside counsel of record for each Party may retain for its archives (i) one full set of copies of all pleadings, affidavits,

declarations, briefs, memoranda, expert reports, exhibits, and other papers filed or served in this action, (ii) one set of transcripts of all testimony taken at any depositions or court proceedings (with exhibits), and (iii) all of its own work product generated in connection with this action. Nothing in this paragraph shall require a Party or its counsel to return or destroy (a) electronic materials stored on backup media used for disaster recovery purposes, or (b) any documents that must be preserved pursuant to any legal or regulatory obligation. Furthermore, nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a parties' retention of any discovery material.

## X.   Miscellaneous

29.   This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure or other applicable law, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure or this Court's orders.

30.   Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

SIGNED on AUG 1 1 2022, at Houston, Texas.

Alfred H. Bennett
United States District Judge