**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PULSE NETWORK LLC, | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION 4:14-cv-03391 |
| | § | |
| | § | (JURY DEMANDED) |
| v. | § | |
| | § | |
| VISA INC., | § | |
| | § | |
| DEFENDANT. | § | |
| | § | |

**DEFENDANT VISA INC.'S ANSWER TO
<u>PLAINTIFF PULSE NETWORK LLC'S FIRST AMENDED COMPLAINT</u>**

Defendant Visa Inc. ("Visa") answers Plaintiff PULSE Network LLC's ("Pulse") First Amended Complaint ("Complaint") as follows:

**NATURE OF ACTION**

1.      Visa denies the allegations in the first two sentences of Paragraph 1.  The last sentence of Paragraph 1 purports to characterize the Complaint and therefore requires no response. To the extent any response is required, Visa denies the allegations in the last sentence of Paragraph 1.

**PARTIES**

2.      Visa admits that a company operating under the brand "Pulse" provides payment card network services.  To the extent Paragraph 2 implies a relevant antitrust market, Visa denies the allegations in Paragraph 2.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, on that basis, denies them.

3.      Visa admits that Visa is a Delaware corporation with its principal place of business in the San Francisco Bay Area, CA.  Visa admits that it offers payment card network services to various financial institutions.  Visa admits that its cards are accepted in many countries globally, that Visa employs thousands of employees, and that Visa's global networks have processed billions of transactions valued at trillions of U.S. dollars.  Visa denies the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.      Visa admits that the Complaint purports to have been filed under Section 16 of the Clayton Act, 15 U.S.C. § 26, to prevent and restrain violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and for damages under Section 4 of the Clayton Act, 15 U.S.C. § 15, but denies that these claims are proper and denies that Pulse is entitled to any relief whatsoever.  Visa admits that if a claim is stated in the Complaint, this Court has subject matter jurisdiction over that claim if Pulse has standing to assert it.  Visa denies the remaining allegations in Paragraph 4.

5.      The first sentence of paragraph 5 is a legal conclusion for which no response is required.  To the extent a response is required, Visa lacks knowledge sufficient to form a belief as to the allegations in the first sentence of Paragraph 5.  Visa admits that it transacts business in this district, but denies the remaining allegations in Paragraph 5.  For purposes of this case only, Visa is not challenging venue in this Court.

## SUMMARY OF LAWSUIT

6.      Visa admits that financial institutions issue to cardholders debit cards that historically were authenticated by PIN or signature, among other authentication methods.  Visa denies the remaining allegations in Paragraph 6.

7.      Visa denies the allegations in Paragraph 7.

8.      Visa denies the allegations in Paragraph 8.

9.      Visa admits that the claims against it in *In re Visa Check/MasterMoney Antitrust Litig.* were resolved on terms set forth in a settlement agreement and orders in that action.  Visa denies the remaining allegations in Paragraph 9.

10.     Visa admits that *United States v. Visa and MasterCard* was brought and concluded almost two decades ago, as stated in the decision cited in Paragraph 10.  Visa denies the remaining allegations in Paragraph 10.

11.     Visa denies the allegations in Paragraph 11.

12.     Visa admits that it negotiated agreements with certain Visa debit card issuing financial institutions at various points related to the inclusion of Interlink on certain of the financial institutions' debit cards.  Visa denies the remaining allegations in Paragraph 12.

13.     Visa admits that the Dodd-Frank Wall Street Reform and Consumer Protection Act, which included the Durbin Amendment, was passed and signed into law in July 2010.  The remainder of Paragraph 13 asserts legal conclusions or characterizes a Congressional enactment, and no response to those conclusions or characterizations is required.  To the extent any response is required, Visa denies the allegations in Paragraph 13 not otherwise admitted.

14.     Visa admits the words quoted in Paragraph 14 appear in the Visa Q3 2011 Earnings Call, but Visa denies that the quoted material accurately reflects the content and context of the call or Visa's position with respect to regulations under the Durbin Amendment.  Visa denies the remaining allegations in Paragraph 14.

15.     Visa denies the allegations in Paragraph 15.

16.     Visa denies the allegations in Paragraph 16.

17.     Visa admits that the words quoted in Paragraph 17 appear in *United States v. Visa U.S.A., Inc.*, 163 F. Supp. 2d 322, 340 (S.D.N.Y. 2001), but Visa denies that the quoted material accurately represents the full content and context of the court's opinion.  Visa denies the remaining allegations in Paragraph 17.

18.     Visa denies the allegations in Paragraph 18.

19.     Visa denies the allegations in Paragraph 19.

20.     Visa admits that it has competed, and continues to compete, against numerous debit networks, including for transactions historically processed over so-called signature debit networks and including from so-called PINless debit products.  Visa denies the remaining allegations in Paragraph 20.

21.     Visa admits that the words quoted in Paragraph 21 appear in the Visa Investor Day (June 6, 2013) document, but Visa denies that the quoted material accurately reflects the full content and context of the Visa Investor Day (June 6, 2013) document.  Visa denies the remaining allegations in Paragraph 21.

## FACTUAL BACKGROUND

22.     Visa admits that credit and charge cards and debit cards are types of payment cards used in the United States.  Visa denies the remaining allegations in Paragraph 22.

23.     Visa admits that some credit cards allow a cardholder to purchase goods and repay the charges pursuant to the terms of an agreement between the cardholder and the financial institution that issued the card, and that some charge cards require full payment of the charges within a defined period.  Visa denies the remaining allegations in Paragraph 23.

24.     Visa admits that some payment cards permit a cardholder to purchase goods and services by debiting directly from the cardholder's demand deposit account.  Visa denies the remaining allegations in Paragraph 24.

25.     Visa denies the allegations in Paragraph 25.

26.     Visa admits that a transaction on a Visa-branded payment card involves a cardholder, the cardholder's issuing bank, a merchant, the merchant's acquiring bank, and the Visa network that processes the transaction.  Visa admits that it provides operating rules governing debit card transactions processed over the Visa payment networks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other debit networks in Paragraph 26 and, on that basis, denies them.   Visa denies the remaining allegations in Paragraph 26.

27.     Visa denies the allegations in Paragraph 27.

28.     Visa admits that some debit transactions can be authenticated by a cardholder's signature, among other means of authentication.  Visa admits that, in April 2018, Visa ended its signature-authentication requirement for EMV-enabled merchants in the U.S.  Visa admits that certain Visa debit card transactions are processed in two separate electronic messages, one for authorization and one for clearing and settlement.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other networks in Paragraph 28 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 28.

29.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29 and on that basis denies them.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other networks in Paragraph 29 and on that basis denies them.  Visa admits that payment cards

typically contain a Bank Identification Number, which identifies, among other things, the issuing financial institution and the payment network.  Visa denies the remaining allegations in Paragraph 29.

30.    Visa admits that some debit transactions can be authenticated by a cardholder entering a PIN number, among other means of authentication.  Visa admits that it owns the Interlink network.  Visa admits that certain PIN-authenticated debit card transactions are authorized and cleared with a single message.  Visa admits that certain PIN debit transactions are authorized and cleared using multiple messages.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other networks in Paragraph 30 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 30.

31.    Visa admits that during the past several decades, the majority of Visa-branded debit cards in the United States have had the functionality to process transactions authenticated by either PIN or signature, among other authentication methods.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other brands of debit cards in Paragraph 31 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 31.

32.    Visa admits that for certain Visa debit transactions, no physical signature or PIN is required.  Visa admits that PIN debit networks have successfully introduced competing "PINless" products.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning PIN debit networks and the operating rules and regulations of other networks in Paragraph 32 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 32.

33.     Visa admits that the words quoted in Paragraph 33 appear in the 2019 Interchange Fee Revenue, Covered Issuer Costs, and Covered Issuer and Merchant Fraud Losses Related to Debit Card Transactions report published by the Board of Governors of the Federal Reserve System, but Visa denies that the quoted material accurately reflects the full content and context of the 2019 Interchange Fee Revenue, Covered Issuer Costs, and Covered Issuer and Merchant Fraud Losses Related to Debit Card Transactions report published by the Board of Governors of the Federal Reserve System.  Visa denies the remaining allegations in Paragraph 33.

34.     Visa admits that payment networks compete in a "two-sided market," in which both issuer enablement and merchant acceptance are important to attracting cardholders and transactions to a network.  Visa admits that it seeks to maximize payment volume on its networks. Visa denies the remaining allegations in Paragraph 34.

35.     Visa admits that a transaction on a Visa payment card involves, at a minimum, a cardholder, the cardholder's issuing bank, a merchant, the merchant's acquiring bank, and the Visa network that processes the transaction.  Visa admits that some debit transactions processed on a Visa network involve acquirer processors and issuer processors.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other brands of debit cards in Paragraph 35 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 35.

36.     Visa admits that financial institutions issue debit cards to cardholders and that debit cards may be used to purchase goods or services at a merchant.  Visa admits that a Visa debit cardholder may have a banking relationship with the debit card issuer for certain types of Visa debit cards and that certain types of Visa debit cards may be used to pay for a product or service by accessing the cardholder's deposit account.  Visa lacks knowledge or information sufficient to

form a belief as to the truth of the allegations concerning other brands of debit cards in Paragraph 36 and on that basis denies them.   Visa denies the remaining allegations in Paragraph 36.

37.   Visa admits that certain issuers of debit cards are financial institutions, including, specifically, retail financial institutions.  Visa admits that issuers of Visa-branded debit cards may provide customer service to cardholders and may determine which networks will be enabled on the debit cards they issue.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other brands of debit cards in Paragraph 37 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 37.

38.   Visa admits that merchants may include retail or other business establishments at which cardholders can purchase products or services with debit cards.  Visa admits that merchants choose which debit networks to accept, if any, and the types of authentication methods that they use.  Visa also admits that a large number of merchants have made their own choice not to accept PIN debit networks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning merchants in Paragraph 38 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 38.

39.   Visa admits that acquirers operate as one of the intermediaries between debit networks and merchants.  Visa admits that certain acquirers for the Visa network are also issuers of Visa debit cards.  Visa further admits that it enters into agreements with Visa acquirers and refers to those agreements for their contents and context.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning merchants and other networks in Paragraph 39 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 39.

8

40.     Visa admits that some acquirers can also be involved in the processing of transactions for merchants.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning acquirers and acquirer processors in Paragraph 40 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 40.

41.     Visa admits that Visa may enter into agreements with certain acquirer processors and certain merchants.  Visa admits that the Complaint purports to define the terms "merchant acquirer" and "acquirer" as shorthand for companies providing underwriting and companies providing merchant processing services as intermediaries between merchants and debit networks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the relationships between acquirers and acquirer processors and the rules of other networks in Paragraph 41 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 41.

42.     Visa admits that Visa generally charges network fees to financial institutions for access to the Visa payment card networks and other services.   Visa denies that it charges interchange fees.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to the fees of other debit networks in Paragraph 42 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 42.

43.     Visa admits that an interchange fee is a transaction fee paid by an acquirer to an issuer on transactions processed on Visa's debit networks.  Visa admits that it establishes default interchange reimbursement fee schedules that apply to transactions where issuing and acquiring banks have not set their own financial terms for the interchange of Visa transactions.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning

other networks in Paragraph 43 and on that basis denies them.  Visa admits that Visa does not earn revenue from interchange fees.  Visa denies the remaining allegations in Paragraph 43.

44.     Visa denies the allegations in Paragraph 44.

45.     Visa admits that the Durbin Amendment and regulations set caps on debit network interchange fees for issuers that are not exempt as that term is defined in the Durbin Amendment and regulations.  Visa denies the remaining allegations in Paragraph 45.

46.     Visa admits that network fees include those fees charged by debit networks to their customers on both the acquiring and issuing sides of their platforms.  Visa admits that the majority of its revenues are derived from network fees and assessments charged to its financial institution customers.  Visa admits that Visa's Fixed Acquirer Network Fee is charged to acquiring banks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other networks in Paragraph 46 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 46.

47.     Visa admits that it has various network fee schedules for acquirers and issuers and that that certain network fees have changed over time.  Visa denies the remaining allegations in Paragraph 47.

48.     Visa denies the allegations in Paragraph 48.

49.     Visa admits that it has negotiated directly with some merchants at some points in time.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and on that basis denies them.

50.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies them.

51.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and on that basis denies them.

52.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies them.

53.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies them.

54.     Visa denies the allegations in Paragraph 54 as they relate to Visa.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies them.

55.     Visa denies the allegations in the first sentence of Paragraph 55.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and on that basis denies them.

56.     Visa denies the allegations in Paragraph 56.

57.     Visa denies the allegations in Paragraph 57.

58.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies them.

59.     Visa admits that some ATM networks have PIN functionality at the point-of-sale and that PULSE, STAR, NYCE, and Accel/Exchange have been PIN debit networks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and on that basis denies them.

60.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis denies them.

61.     Visa denies the allegations in Paragraph 61.

11

62.     Visa denies the allegations in Paragraph 62.

63.     Visa denies the allegations in Paragraph 63.

64.     Visa denies the allegations in Paragraph 64.

65.     Visa denies the allegations in Paragraph 65.

66.     Visa admits that before the Visa corporate restructuring, Visa International Service Association and Visa U.S.A. Inc. were membership corporations.  Visa admits that in 2008, Visa Inc. became a publicly traded corporation.  Visa denies the remaining allegations in Paragraph 66.

67.     Visa admits that it entered into a settlement agreement with plaintiffs in *In re Visa Check/MasterMoney Antitrust Litig.*, 2003 WL 1712568 (E.D.N.Y. 2003), in 2003.  Visa admits that pursuant to that settlement agreement, Visa modified its "Honor All Cards" rule.  Visa denies the remaining allegations in Paragraph 67.

68.     Visa denies the allegations in Paragraph 68.

69.     Visa admits that the words quoted in Paragraph 69 appear in *United States v. Visa and MasterCard*, 163 F. Supp. 2d 322, 393-94 (S.D.N.Y. 2001), but Visa denies that the quoted material accurately reflects the full content and context of the court's opinion.  Visa denies the remaining allegations in Paragraph 69.

70.     Visa denies the allegations in Paragraph 70.

71.     Visa denies the allegations in Paragraph 71.

72.     Visa admits that it purchased the Interlink network in 1991.  Visa denies the remaining allegations in Paragraph 72.

73.     Visa admits that it competed with other payment networks by, among other things, offering incentives to issuing banks to become issuers of Visa debit cards with Interlink as a PIN debit network.  Visa denies the remaining allegations in Paragraph 73.

74.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding transaction shares in Paragraph 74 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 74.

75.     Visa denies the allegations in Paragraph 75.

76.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding transaction shares in Paragraph 76 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 76.

77.     Visa denies the allegations in Paragraph 77.

78.     Visa admits the allegations in the first sentence of Paragraph 78.  Visa denies the remaining allegations in Paragraph 78.

79.     Visa admits the allegations in Paragraph 79.

80.     Visa admits that on June 29, 2011, the Federal Reserve released implementing regulations for the Durbin Amendment, and denies the remaining allegations in Paragraph 80.

81.     Visa denies the allegations in Paragraph 81.

82.     Visa admits that the words quoted in Paragraph 82 appear in the Visa Q1 2012 Earnings Call Transcript, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q1 2012 Earnings Call Transcript.  Visa denies the remaining allegations in Paragraph 82.

83.     Visa admits that it competed with other payment networks by, among other things, offering incentives to issuing banks to become issuers of Visa debit cards with Interlink as a PIN debit network.  Visa denies the remaining allegations in Paragraph 83.

84.     Visa admits that the words quoted in Paragraph 84 appear in the Visa Q3 2011 and Q1 2012 Earnings Call Transcripts, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q3 2011 and Q1 2012 Earnings Call Transcripts.  Visa denies the remaining allegations in Paragraph 84.

85.     Visa denies the allegations in Paragraph 85.

86.     Visa denies the allegations in Paragraph 86.

87.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Pulse or other PIN debit networks in Paragraph 87 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 87.

88.     Visa admits that PIN debit networks have successfully introduced competing "PINless" products.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the other allegations concerning other PIN debit networks in Paragraph 88 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 88.

89.     Visa denies the allegations in Paragraph 89.

90.     Visa admits that the words quoted in Paragraph 90 appear in the Visa Q3 2011 and Q2 2012 Earnings Call Transcripts, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q3 2011 and Q2 2012 Earnings Call Transcripts.  Visa denies the remaining allegations in Paragraph 90.

91.     Visa admits that for several years, Visa has had the technical capability to process PIN-authenticated debit transactions on its networks.  Visa denies the remaining allegations in Paragraph 91.

92.     Visa denies the allegations in Paragraph 92.

93.     To the extent Paragraph 93 purports to state a claim based on PAVD, Visa denies that Pulse has standing to do so.  *See Pulse Network, LLC v. Visa Inc.*, 30 F.4th 480, 489-91 (5th Cir. 2022).  Visa denies the remaining allegations in Paragraph 93.

94.     To the extent Paragraph 94 purports to state a claim based on PAVD, Visa denies that Pulse has standing to do so.  *See Pulse Network, LLC v. Visa Inc.*, 30 F.4th 480, 489-91 (5th Cir. 2022).  Visa denies the remaining allegations in Paragraph 94.

95.     Visa admits that the words quoted in paragraph 95 appear in the Visa Q3 2011 Earnings Call Transcript, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q3 2011 Earnings Call Transcript.  Visa denies the remaining allegations in Paragraph 95.

96.     Visa admits that its Fixed Acquirer Network Fee became effective on April 1, 2012.  Visa admits that the words quoted in Paragraph 96 appear in Visa's February 9, 2012 Business News release and Q2 2012 Earnings Call Transcript, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q2 2012 Earnings Call Transcript. Visa denies the remaining allegations in Paragraph 96.

97.     Visa admits that its Fixed Acquirer Network Fee is charged to acquiring banks based on various factors related to, among other things, their acquired merchants.  Visa denies the remaining allegations in Paragraph 97.

98.     Visa denies the allegations in Paragraph 98.

99.     Visa admits that its Fixed Acquirer Network Fee is charged to acquirers based on various factors related to, among other things, their acquired merchants.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and on that basis denies them.

100.    Visa admits that the words quoted in Paragraph 100 appear in the Visa Q3 2011 Earnings Call Transcript, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q3 2011 Earnings Call Transcript.  Visa denies the remaining allegations in Paragraph 100.

101.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 101 and on that basis denies them. Visa denies the remaining allegations in Paragraph 101.

102.    Visa denies the allegations in Paragraph 102.

103.    Visa denies the allegations in Paragraph 103.

104.    Visa denies the allegations in Paragraph 104.

105.    Visa admits that the words quoted in Paragraph 105 appear in the Visa Q4 2014 Earnings Call Transcript, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q4 2014 Earnings Call Transcript.  Visa denies the remaining allegations in Paragraph 105.

106.    Visa admits that the words quoted in Paragraph 106 appear in the Visa Q3 2011 Earnings Call Transcript, but Visa denies that the quoted material accurately reflects the content and context of the Q3 2011 Earnings Call Transcript.  Visa denies the remaining allegations in Paragraph 106.

107.    Visa admits that it has entered into certain agreements with acquirers or merchants at various times with individually negotiated terms.  Visa refers to those agreements for their contents and context.  Visa denies the remaining allegations in Paragraph 107.

108.    Visa admits that the words quoted in Paragraph 108 appear in the Visa Q3 2011 and Q1 2013 Earnings Call Transcripts, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q3 2011 and Q1 2013 Earnings Call Transcripts.  Visa denies the remaining allegations in Paragraph 108.

109.    Visa denies the allegations in Paragraph 109.

110.    Visa denies the allegations in Paragraph 110.

111.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Heun article and on that basis denies them.  Visa denies the remaining allegations in Paragraph 111.

112.    Visa denies the allegations in Paragraph 112.

113.    Visa admits that PIN debit networks have successfully introduced competing "PINless" products.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the other allegations concerning PIN debit networks and PINless products in Paragraph 113 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 113.

114.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning PIN debit networks and PINless products in Paragraph 114 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 114.

115.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning PIN debit networks and PINless products in Paragraph 115 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 115.

116.    Visa denies the allegations in Paragraph 116.

117.    Visa denies the allegations in Paragraph 117.

118.    Visa admits that *The Kroger Co. v. Visa Inc.* was filed in 2016.  Visa denies the remaining allegations in Paragraph 118.

119.    Visa denies the allegations in Paragraph 119.

120.    Visa denies the allegations in Paragraph 120.

121.    Visa denies the allegations in Paragraph 121.

122.    Visa admits that the words quoted in Paragraph 122 appear in the Visa Q2 2012 Earnings Call Transcript, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q2 2012 Earnings Call Transcript.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Johnson article and on that basis denies them.  Visa denies the remaining allegations in Paragraph 122.

123.    Visa admits that the words quoted in Paragraph 123 appear in the Visa Investor Day (June 6, 2013) document but Visa denies that the quoted material accurately reflects the content and context of the Visa Investor Day (June 6, 2013) document.  Visa denies the remaining allegations in Paragraph 123.

124.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mastercard in Paragraph 124 and on that basis denies them.  To the extent Paragraph 124 purports to quote from a Mastercard Investment Community Meeting, Visa lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.  Visa denies the remaining allegations in Paragraph 124.

125.    Visa denies the allegations in Paragraph 125.

126.    Visa denies the allegations in Paragraph 126.

128.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mastercard in Paragraph 128 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 128.

129.    Visa denies the allegations in Paragraph 129.

130.    Visa denies the allegations in Paragraph 130.

131.    Visa denies the allegations in Paragraph 131.

132.    Visa denies the allegations in Paragraph 132.

133.    Visa denies the allegations in Paragraph 133.

134.    Visa denies the allegations in Paragraph 134.

135.    Visa admits that it has invested in tokenization technology.   Visa denies the remaining allegations in Paragraph 135.

136.    Visa admits that tokenization requires a token service provider.  Visa denies the remaining allegations in Paragraph 136.

137.    Visa admits that, in some instances, it acts as the token service provider.  Visa denies the remaining allegations in Paragraph 137.

138.    Visa admits that it has invested extensively in security technology.  Visa denies the remaining allegations in Paragraph 138.

139.    Visa admits that it has provided payment card network services to numerous financial institutions in the United States and that Visa payment cards have been involved in transactions in the United States and the world.  Visa admits that it has acted lawfully within interstate commerce.  Visa denies the remaining allegations in Paragraph 139.

140.    Paragraph 140 contains legal conclusions to which no answer is required.  To the extent that a response is required, Visa denies the allegations in Paragraph 140.

141.   Visa admits that some credit and charge cards allow cardholders to make purchases at merchants without accessing or reserving the cardholders' funds at the time of purchase.  Visa denies the remaining allegations in Paragraph 141.

142.   Visa admits that it operates networks that include infrastructure used to authorize, settle, and clear payments for transactions made using Visa-branded payment cards.  Visa denies the remaining allegations in Paragraph 142.

143.   Visa denies the allegations in Paragraph 143.

144.   Visa admits that it competes in a two-sided market for its payment card network services.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other payment card networks in Paragraph 144 and on that basis denies them. Visa denies the remaining allegations in Paragraph 144.

145.   Visa admits that its networks provide substantial value to all network participants, including issuers.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding issuers in Paragraph 145 and on that basis denies them. Visa denies the remaining allegations in Paragraph 145.

146.   Visa admits that its networks provide substantial value to all network participants, including merchants.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding why merchants accept general purpose credit and charge cards in Paragraph 146 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 146.

147.   Visa admits that its networks provide substantial value to all network participants, including merchants.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding why merchants accept general purpose credit and

charge cards in Paragraph 147 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 147.

148.    Visa denies the allegations in Paragraph 148.

149.    Visa admits that the words quoted in Paragraph 149 appear in *U.S. v. Visa U.S.A., Inc.*, 344 F.3d 229, 239 (2d Cir. 2003), and *U.S. v. Visa U.S.A., Inc.*, 163 F. Supp. 2d 322, 338 (S.D.N.Y. 2001), but Visa denies that the quoted material accurately reflects the content and context of the courts' opinions.  Visa denies that the statements in those decisions were or remain correct.  Visa denies the remaining allegations in Paragraph 149.

150.    Visa admits that the words quoted in Paragraph 150 appear in *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-CV-5238, 2003 WL 1712568, *2, *7 (E.D.N.Y. Apr. 1, 2003), and *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2287 (2018), but Visa denies that the quoted material accurately reflects the content and context of the courts' opinions.  Visa denies that the statements in those decisions were or remain correct.  Visa denies the remaining allegations in Paragraph 150.

151.    Visa denies the allegations in Paragraph 151.

152.    Visa admits that some payment cards permit cardholders to make purchases at merchants by debiting directly from their accounts.  Visa denies the remaining allegations in Paragraph 152.

153.    Visa admits that it operates networks that include infrastructure used to authorize, settle, and clear payments for transactions made using Visa-branded payment cards.  Visa denies the remaining allegations in Paragraph 153.

154.    Visa denies the allegations in Paragraph 154.

155.     Visa admits that Visa competes in a two-sided market for its payment card network services.  Visa denies the remaining allegations in Paragraph 155.

156.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding why merchants accept debit cards in Paragraph 156 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 156.

157.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the card usage practices of consumers in Paragraph 157 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 157.

158.     Visa admits that it entered into a settlement agreement with plaintiffs in *In re Visa Check/MasterMoney Antitrust Litigation* in 2003 and pursuant to that settlement agreement Visa modified its "Honor All Cards" rule.  Visa denies the remaining allegations in Paragraph 158.

159.     To the extent Paragraph 159 purports to paraphrase the Durbin Amendment and regulations, Visa refers to the statute and regulations for their contents and context.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 related to the interchange fee rates of other networks and on that basis denies them. Visa denies the remaining allegations in Paragraph 159.

160.     Visa denies the allegations in Paragraph 160.

161.     Visa denies the allegations in Paragraph 161.

162.     Visa denies the allegations in Paragraph 162.

163.     Visa denies the allegations in Paragraph 163.

164.     Visa denies the allegations in Paragraph 164.

165.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the relevant geographic market in Paragraph 165 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 165.

166.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the rules and pricing of other networks in Paragraph 166 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 166.

167.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the card issuing practices of financial institutions and the card usage practices of cardholders in Paragraph 167 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 167.

168.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the conduct of issuers in Paragraph 168 and on that basis denies them. Visa denies the remaining allegations in Paragraph 168.

169.    Visa denies the allegations in Paragraph 169.

170.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 170 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 170.

171.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning share of transactions in Paragraph 171 and on that basis denies them. Visa denies the remaining allegations in Paragraph 171.

172.    Visa admits that many merchants accept Visa payment cards, including credit cards or debit cards.  Visa lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in the first and third sentences of Paragraph 172 and on that basis denies them. Visa denies the remaining allegations in Paragraph 172.

173.    Visa admits that the words quoted in Paragraph 173 appear in *U.S. v. Visa U.S.A., Inc.*, 163 F. Supp. 2d 322, 340 (S.D.N.Y. 2001).   Visa denies the remaining allegations in Paragraph 173.

174.    Visa admits that the words quoted in Paragraph 174 appear in *U.S. v. Visa U.S.A., Inc.*, 163 F. Supp. 2d 322, 342 (S.D.N.Y. 2001) and the Competitive Impact Statement in *United States v. American Express Co., Inc.* (E.D.N.Y. Oct. 4, 2010), but Visa denies that the quoted material accurately reflects the content and context of the courts' opinions.   Visa denies the remaining allegations in Paragraph 174.

175.    Visa denies the allegations in Paragraph 175.

176.    Visa denies the allegations in Paragraph 176.

177.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Visa's estimated share of all debit network transactions in the second sentence of Paragraph 177 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 177.

178.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Visa's estimated share of all signature debit network transactions in the second sentence of Paragraph 178 and on that basis denies them.   Visa denies the remaining allegations in Paragraph 178.

179.    Visa denies the allegations in Paragraph 179.

180.    Visa denies the allegations in Paragraph 180.

181.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 181 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 181.

182.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 182 and on that basis denies them.  To the extent Paragraph 182 purports to state a claim based on PAVD, Visa denies that Pulse has standing to do so.  *See Pulse Network, LLC v. Visa Inc.*, 30 F.4th 480, 489-91 (5th Cir. 2022).  Visa denies the remaining allegations in Paragraph 182.

183.     Visa denies the allegations in Paragraph 183.

184.     Visa denies the allegations in Paragraph 184.

185.     Visa denies the allegations in Paragraph 185.

186.     Visa denies the allegations in Paragraph 186.

187.     Visa admits that the words quoted in Paragraph 187 appear in the Visa Q3 2011 Earnings Call Transcript, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q3 2011 Earnings Call Transcript.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Heun article and on that basis denies them.  Visa denies the remaining allegations in Paragraph 187.

188.     Visa denies the allegations in Paragraph 188.

189.     Visa denies the allegations in Paragraph 189.

190.     Visa denies the allegations in Paragraph 190.

191.     Visa denies the allegations in Paragraph 191.

192.     Visa denies the allegations in Paragraph 192.

193.    Visa admits that the words quoted in Paragraph 193 appear in the Visa Q3 2011 Earnings Call Transcript, but Visa denies that the quoted material accurately reflects the content and context of the Visa Q3 2011 Earnings Call Transcript.  Visa denies the remaining allegations in Paragraph 193.

194.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 194 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 194.

195.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 195 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 195.

196.    Visa admits that the words quoted in Paragraph 196 appear in the Federal Reserve Bank of Kansas City 4th Qtr 2012 document, but Visa denies that the quoted material accurately reflects the content and context of the Federal Reserve Bank of Kansas City 4th Qtr 2012 document.  Visa denies the remaining allegations in Paragraph 196.

197.    Visa admits that the words quoted in Paragraph 197 appear in the Federal Reserve Bank of Kansas City 4th Qtr 2012 document, but Visa denies that the quoted material accurately reflects the content and context of the Federal Reserve Bank of Kansas City 4th Qtr 2012 document.  Visa denies the remaining allegations in Paragraph 197.

198.    Visa denies the allegations in Paragraph 198.

199.    Visa denies the allegations in Paragraph 199.

200.    Visa denies the allegations in Paragraph 200.

201.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the fees and volumes of other networks in Paragraph 201 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 201.

202.    Visa admits that PIN debit networks have successfully introduced competing PINless products.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the other allegations concerning PINless products in Paragraph 202 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 202.

203.    Visa denies the allegations in Paragraph 203.

204.    Visa denies the allegations in Paragraph 204.

205.    Visa denies the allegations in Paragraph 205.

206.    Visa denies the allegations in Paragraph 206.

207.    Visa denies the allegations in Paragraph 207.

208.    Visa denies the allegations in Paragraph 208.

209.    Visa denies the allegations in Paragraph 209.

210.    Visa denies the allegations in Paragraph 210.

211.    Visa denies the allegations in Paragraph 211.

212.    To the extent Paragraph 212 refers to unidentified data from the Federal Reserve, Visa lacks knowledge or information sufficient to form a belief on the truth of these allegations and on that basis denies them.  Visa denies the remaining allegations in Paragraph 212.

213.    To the extent Paragraph 213 refers to unidentified data from the Federal Reserve, Visa lacks knowledge or information sufficient to form a belief on the truth of these allegations and on that basis denies them.  Visa denies the remaining allegations in Paragraph 213.

214.    Visa denies the allegations in Paragraph 214.

215.    Visa denies the allegations in Paragraph 215.

216.    Visa denies the allegations in Paragraph 216.

217.    Visa denies the allegations in Paragraph 217.

218.    Visa denies the allegations in Paragraph 218.

## CAUSES OF ACTION

### COUNT ONE

**Sherman Act § 2 - Monopolization of the General Purpose Debit Card Network Services Market**

219.    Visa responds to the allegations in Paragraph 219 of the Complaint as it did when those allegations were made separately.

220.    Visa denies the allegations in Paragraph 220.

221.    Visa denies the allegations in Paragraph 221.

222.    Visa denies the allegations in Paragraph 222.

223.    Visa denies the allegations in Paragraph 223.

224.    Visa denies the allegations in Paragraph 224.

225.    Visa denies the allegations in Paragraph 225.

226.    Visa denies the allegations in Paragraph 226.

### COUNT TWO

**Sherman Act § 2 - Attempted Monopolization of the General Purpose Debit Card Network Services Market**

227.    Visa responds to the allegations in Paragraph 227 of the Complaint as it did when those allegations were made separately.

228.    Visa denies the allegations in Paragraph 228.

229.    Visa denies the allegations in Paragraph 229.

230.    Visa denies the allegations in Paragraph 230.

231.    Visa denies the allegations in Paragraph 231.

232.    Visa denies the allegations in Paragraph 232.

233.    Visa denies the allegations in Paragraph 233.

234.    Visa denies the allegations in Paragraph 234.

235.    Visa denies the allegations in Paragraph 235.

## COUNT THREE

### Sherman Act § 2 - Monopolization of the General Purpose Non-PIN-Authenticated Debit Card Network Services Market

236.    Visa responds to the allegations in Paragraph 236 of the Complaint as it did when those allegations were made separately.

237.    Visa denies the allegations in Paragraph 237.

238.    Visa denies the allegations in Paragraph 238.

239.    Visa denies the allegations in Paragraph 239.

240.    Visa denies the allegations in Paragraph 240.

241.    Visa denies the allegations in Paragraph 241.

242.    Visa denies the allegations in Paragraph 242.

243.    Visa denies the allegations in Paragraph 243.

## COUNT FOUR

### Sherman Act § 2 - Attempted Monopolization of the General Purpose Non-PIN-Authenticated Debit Card Network Services Market

244.    Visa responds to the allegations in Paragraph 244 of the Complaint as it did when those allegations were made separately.

245.    Visa denies the allegations in Paragraph 245.

246.    Visa denies the allegations in Paragraph 246.

247.    Visa denies the allegations in Paragraph 247.

248.    Visa denies the allegations in Paragraph 248.

249.    Visa denies the allegations in Paragraph 249.

250.    Visa denies the allegations in Paragraph 250.

251.    Visa denies the allegations in Paragraph 251.

252.    Visa denies the allegations in Paragraph 252.

## COUNT FIVE

**Sherman Act § 1 - Agreements Imposing FANF Structure in Restraint of Trade**

253.    Visa responds to the allegations in Paragraph 253 of the Complaint as it did when those allegations were made separately.

254.    Visa denies the allegations in Paragraph 254.

255.    Visa denies the allegations in Paragraph 255.

256.    Visa admits that it has entered into agreements with certain acquirers at various points in times and refers to those agreements for their contents and context.  Visa denies the remaining allegations in Paragraph 256.

257.    Visa denies the allegations in Paragraph 257.

258.    Visa denies the allegations in Paragraph 258.

259.    Visa denies the allegations in Paragraph 259.

260.    Visa denies the allegations in Paragraph 260.

261.    Visa denies the allegations in Paragraph 261.

## COUNT SIX

**Sherman Act § 1 - Exclusive Dealing**
**(Merchant and Acquirer Volume Agreements)**

262.    Visa responds to the allegations in Paragraph 262 of the Complaint as it did when those allegations were made separately.

263.    Visa denies the allegations in Paragraph 263.

264.    Visa denies the allegations in Paragraph 264.

265.    Visa denies the allegations in Paragraph 265.

266.    Visa denies the allegations in Paragraph 266.

267.    Visa denies the allegations in Paragraph 267.

268.    Visa denies the allegations in Paragraph 268.

269.    Visa denies the allegations in Paragraph 269.

## COUNT SEVEN

### Texas Free Enterprise and Antitrust Act

270.    Visa responds to the allegations in Paragraph 270 of the Complaint as it did when those allegations were made separately.

271.    Visa denies the allegations in Paragraph 271.

## COUNT EIGHT

### Tortious Interference With Prospective Business Relationships

272.    Visa responds to the allegations in Paragraph 272 of the Complaint as it did when those allegations were made separately.

273.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 273 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 273.

274.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 274 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 274.

275.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 275 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 275.

276.    Visa denies the allegations in Paragraph 276.

277.    Visa denies the allegations in Paragraph 277.

278.    Visa denies the allegations in Paragraph 278.

279.    Visa denies the allegations in Paragraph 279.

280.    Visa denies the allegations in Paragraph 280.

**DEMAND FOR JURY**

281.    Visa demands a trial by jury on all triable issues of fact.

**RELIEF REQUESTED**

282.    With respect to the allegations in the "Request for Relief" Paragraph, Visa denies that Pulse is entitled to any and all relief whatsoever and further denies all allegations in that Paragraph.

283.    Visa denies any and all allegations in the Complaint, whether express or implied and including in all headers, not expressly admitted or qualified herein.

**AFFIRMATIVE OR OTHER DEFENSES**

Without assuming any burden of proof it would not otherwise bear, Visa asserts the following affirmative or other defenses.  Visa reserves the right to assert further defenses as the case proceeds.

**FIRST DEFENSE**

Pulse's claims are barred, in whole or in part, because Pulse has not suffered injury-in-fact or antitrust injury from a "competition-reducing aspect" of Visa's conduct.

## SECOND DEFENSE

Pulse's claims are barred, in whole or in part, because Visa had legitimate business justifications for the conduct at issue, including in response to the Durbin Amendment and the new regulations impacting the industry, its conduct was procompetitive, and its practices were and are reasonably justified.

## THIRD DEFENSE

Pulse's claims are barred, in whole or in part, because Pulse does not properly define a relevant antitrust market.

## FOURTH DEFENSE

Pulse's claims are barred in whole or in part because Visa does not have monopoly and/ or market power in a properly defined antitrust market.

## FIFTH DEFENSE

Pulse's Section 1 claim with respect to FANF is barred because Pulse challenges Visa's unilateral and independent conduct rather than any concerted action.

## SIXTH DEFENSE

Pulse's exclusive dealing claims are barred because Visa's contracts are pro-competitive discounting arrangements, are reflective of common industry practices, are responsive to demands from sophisticated customers, and have not resulted in substantial foreclosure in a properly defined antitrust market.

## SEVENTH DEFENSE

Pulse's claims are barred because Visa's contracts are not "predatory" or otherwise below an appropriate measure of Visa's costs in a properly defined antitrust market.

## EIGHTH DEFENSE

Pulse's claims are barred because there was no harm to competition in the form of increased prices, reduced output, reduced quality, or reduced innovation in a properly defined antitrust market.

## NINTH DEFENSE

Pulse's claims are barred because Visa has had no antitrust duty to deal with Pulse or otherwise support Pulse as a competitor.

## TENTH DEFENSE

Pulse's claims are barred, in whole or in part, because Visa's conduct was not a material cause or materially contributing factor to any allegedly lost profits.

## ELEVENTH DEFENSE

Pulse's claims are barred, in whole or in part, because Pulse's alleged injuries were caused, in whole or in part, by the conduct of third parties for which Visa was not responsible or through forces in the marketplace over which Visa had no control.

## TWELFTH DEFENSE

Pulse's claims are barred, in whole or in part, because Pulse's alleged injuries were caused through acts or omissions on the part of Pulse.

## THIRTEENTH DEFENSE

Pulse's claims are barred, in whole or in part, because Pulse has failed to disaggregate Pulse's alleged injury and damages from the effects of lawful conduct, conduct for which Pulse lacks standing to challenge, conduct that Pulse does not challenge, or conduct that Pulse cannot challenge for other reasons, including, without limitation, as based on the law of the case set forth in the Fifth Circuit's decision.

## FOURTEENTH DEFENSE

Pulse's claims are barred, in whole or in part, because Pulse failed to reasonably mitigate damages, if any, and any relief should be reduced accordingly.

## FIFTEENTH DEFENSE

Pulse's claims are barred, in whole or in part, by the doctrine of res judicata or collateral estoppel.

## SIXTEENTH DEFENSE

Pulse's claims have been released or are barred, in whole or in part, by the doctrine of waiver, estoppel, or law of the case.

## SEVENTEENTH DEFENSE

Pulse's claims are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTEENTH DEFENSE

Pulse's claims are barred, in whole or in part, by the doctrine of laches.

## NINETEENTH DEFENSE

Pulse's claims are barred, in whole or in part, to the extent that they are subject to mandatory arbitration agreements and may not properly be before this Court.

## TWENTIETH DEFENSE

Pulse's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-FIRST DEFENSE

Pulse's claims are released or otherwise barred, in whole or in part, by the orders, settlements, or final judgments in *Discover Financial Services, Inc. v. Visa U.S.A. Inc., et. al.*, Civ. No. 04-07844 (BSJ) (S.D.N.Y.).

## TWENTY-SECOND DEFENSE

Pulse's tortious interference count is barred because Visa's conduct was justified and not independently tortious or unlawful.

## TWENTY-THIRD DEFENSE

Pulse's tortious interference count is barred because Visa did not act willfully and intentionally to interfere with Pulse's prospective business.

## TWENTY-FOURTH DEFENSE

Pulse's tortious interference count is barred because a contract with Pulse was not reasonably probable to have occurred.

## TWENTY-FIFTH DEFENSE

Pulse's claims are barred, in whole or in part, because Visa's conduct did not proximately cause any non-speculative damage to Pulse.

## TWENTY-SIXTH DEFENSE

Pulse's claims are barred, in whole or in part, because the injunctive relief Pulse seeks is moot based on federal regulation, 87 F.R. 61217 (2022) (Oct. 11, 2022) (to be codified at 12 C.F.R. pt. 235).

## TWENTY-SEVENTH DEFENSE

Pulse's claims are barred, in whole or in part, to the extent that Pulse seeks damages, restitution, or other monetary relief that is duplicative of damages, restitution, or other monetary relief sought or recovered in other actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Visa Inc. respectfully requests that the Court:

    a.      dismiss the Complaint in its entirety with prejudice;

    b.      enter judgment in Visa's favor and against Pulse Network, LLC;

    c.      award Visa attorneys' fees, costs, and expenses; and

    d.      grant Visa such other and further relief, at law or in equity, as the Court deems just and proper.

**Dated:**  October 28, 2022

WEIL, GOTSHAL & MANGES LLP


 */s/ Paul R. Genender*

Paul R. Genender
State Bar No. 00790758
S.D. Tex. Bar No. 24576
paul.genender@weil.com
**WEIL, GOTSHAL & MANGES LLP**
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone:  (214) 746-7700
Facsimile:  (214) 746-7777

**ATTORNEY-IN-CHARGE FOR VISA INC.**


**OF COUNSEL:**

Elizabeth Y. Ryan
State Bar No. 24067758
S.D. Tex. Bar No. 296733
liz.ryan@weil.com
Megan Cloud
State Bar No. 24116207
S.D. Tex. Bar No. 3701056
megan.cloud@weil.com
**WEIL, GOTSHAL & MANGES LLP**
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone:  (214) 746-7700
Facsimile:  (214) 746-7777

Andrew S. Tulumello (admitted *pro hac vice*)
drew.tulumello@weil.com
Mark A. Perry (admitted *pro hac vice*)
mark.perry@weil.com
Chantale Fiebig (admitted *pro hac vice*)
chantale.fiebig@weil.com
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940

Eric S. Hochstadt (admitted *pro hac vice*)
eric.hochstadt@weil.com
Luna Ngan Barrington (admitted *pro hac vice*)
luna.barrington@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Anne P. Davis (admitted *pro hac vice*)
anne.davis@arnoldporter.com
Matthew A. Eisenstein (admitted *pro hac vice*)
matthew.eisenstein@arnoldporter.com
Michael A. Rubin (admitted *pro hac vice*)
michael.rubin@arnoldporter.com
Karen C. Otto (admitted *pro hac vice*)
karen.otto@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

-and-

Lee L. Kaplan
State Bar No. 11094400
S.D. Tex. Bar No. 1840
lkaplan@skv.com
**SMYSER KAPLAN & VESELKA, L.L.P.**

700 Louisiana, Suite 2300
Houston, TX 77002
Telephone:  (713) 221-2323
Facsimile:  (713) 221-2320
***Counsel for Visa Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document

was served on all counsel of record via electronic mail on October 28, 2022.

*/s/ Paul R. Genender*
Paul R. Genender